IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD L. LOVE,  )
       Plaintiff,  )
-vs-  )  Civil Action No. 17-1441
NANCY A. BERRYHILL,[1]  )
COMMISSIONER OF SOCIAL SECURITY,  )
       Defendant.  )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## I.   BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed his application alleging he has been disabled since February 11, 2011. (ECF No. 8-8, p. 2). Administrative Law Judge ("ALJ"), Sarah Ehasz, held a hearing on February 6, 2017. (ECF No. 8-3). On May 26, 2017, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 16-27).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weighing of Opinion Evidence

Plaintiff argues that the ALJ erred by failing to afford proper weight to the medical opinion of his treating physician, Dr. Gottron. (ECF No. 11, pp. 10-11). Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give

3

that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Plaintiff argues that the ALJ erred in assigning little weight to his treating physician, Dr. Gottron. (ECF No. 11, pp. 10-11). In support of the same, Plaintiff suggests that it was error to discount Dr. Gottron's opinions "simply because they 'contradicted' his own assessment and that the assessments are unsupported by the medical evidence…[and also] because his records include occasional notations, over the course of many years of treatment, that Claimant denied stiffness and swelling, and that pain was alleviated by medication." *Id.* at p. 10. Contrary

4

to Plaintiff's suggestion, internal inconsistency and inconsistency with other medical evidence and other evidence of record are valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).  The ALJ specifically, and in detail, stated the following reasons for discounting Dr. Gottron's opinion.

> I find Dr. Gottron's assessments are not persuasive for several reasons.  First, Dr. Gottron's assessments are contradicted by the claimant's own hearing testimony, wherein the claimant admits being able to lift up to 10 pounds and perform many household chores, such as some vacuuming and even doing the laundry, if his girlfriend would let him (Testimony).  Further.  Dr. Gottron offers his very extreme functional limitations without referring to any objective evidence to support them in his treatment records or any of the treatment records.  In fact, Dr. Gottron's assessments are not well-supported by medically acceptable clinical and laboratory diagnostic techniques; instead, they are inconsistent with his own treatment records, which, although noting continuing back pain, indicate few functional deficits on exam, while noting consistently that the claimant denies stiffness, swelling or muscle weakness and myalgias (Exhibit 32F, p. 13), and while indicating that the claimant's pain is alleviated by his medications(Exhibit 29F, p. 33).  Dr. Habib's records indicate the claimant's knee to be stable, with some limited range of motion, but not swelling or crepitus, no muscle atrophy and normal neurological exam (Exhibit 30F., p. 2).  Similarly, Dr. Bejjani's exam of the clamant in March of 2014 showed steady gait and normal motor strength in the claimant's bilateral lower extremities (Exhibit 8F, p. 7).
>
> As the substantial treatment records in this case, including Dr. Gottron's own records, contradict the assessment of Dr. Gottron, and the assessments of Dr. Gottron are unsupported by medically acceptable clinical and laboratory diagnostic techniques, the undersigned give limited weight to the assessments of Dr. Gottron and finds they are not persuasive.

(ECF No. 8-2, p. 25).  After a review of the record, I find the reasons given by the ALJ for assigning little weight to the opinion of Dr. Gottron are based on substantial evidence.  (ECF No. 8-2, p. 25).  Thus, I find no error in this regard.

### C. <u>Listings</u>

Plaintiff next argues that the ALJ erred by failing to properly address his impairments pursuant to the listings.  In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1.; *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995).  An applicant is *per se* disabled if the impairment is equivalent to a listed

impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). It is a plaintiff's burden to show that his impairment matches a listing or is equal in severity to a listed impairment. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992).

Here, the ALJ specifically considered whether Plaintiff's severe impairments meet or equaled Listing 1.04 and Listing 11.14. (ECF No. 8-2, p. 20). Plaintiff simply argues that the ALJ should have provided a more thorough explanation of how the ALJ reached her conclusion that Plaintiff did not meet or equal these listings. (ECF No. 11, p. 12). Again, it is Plaintiff's burden to show that her impairment matches a listing or is equal in severity to a listed impairment. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992). At no point, however, does Plaintiff suggest how she meets Listing 1.04 or Listing 11.14 or the alleged particular errors made by the ALJ. *See, id.* Consequently, I find Plaintiff's argument to be underdeveloped and wholly inadequate to place the issue before me. Nonetheless, I have reviewed the record and the ALJ's opinion as a whole and, based on the same, I find the ALJ adequately considered and addressed whether Plaintiff met Listing 1.04 or Listing 11.14. *See,* ECF No. 8-2, pp. 16-27. Thus, I find no merit to this argument.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD L. LOVE,  )
 )
      Plaintiff, )
 )
 -vs- ) Civil Action No. 17-1441
 )
 )
NANCY A. BERRYHILL,[2] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 27th day of December, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

                          BY THE COURT:

                          s/ Donetta W. Ambrose
                          Donetta W. Ambrose
                          United States Senior District Judge

---

[2] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.